Dear Mr. Dannheisser:
As City Attorney for the City of Gulf Breeze and on behalf of Councilman Joseph B. Henderson, a member of the Gulf Breeze City Council, you have asked for my opinion on substantially the following question:
Notwithstanding the provisions of section 790.06(12), Florida Statutes, may a member of a municipal city council who holds a concealed weapons license carry a concealed weapon during city council meetings pursuant to the "place of business" exception set forth in section790.25(3)(n), Florida Statutes?
In sum:
It is my opinion that a member of a municipal city council may not carry a weapon or firearm during a city council meeting pursuant to the "place of business" exception set forth in section 790.25(3)(n), Florida Statutes. Further, it is irrelevant to resolution of this question that the city council member possesses a concealed weapons license as section790.06, Florida Statutes, clearly prohibits the carrying of concealed weapons into any meeting of the governing body of a municipality.
According to your letter, a council member on the City Council of the City of Gulf Breeze holds a concealed weapons license issued pursuant to section 790.06, Florida Statutes. This council member is aware of the prohibition set forth in section 790.06(12), Florida Statutes, prohibiting any person from carrying a weapon or firearm into any meeting of the governing body of a county, public school district, municipality, or special district. However, section 790.25(3)(n), Florida Statutes, provides that it is lawful for a person to possess firearms at "his or her home or place of business" and the council member has asked whether he may lawfully carry his firearm into city council meetings.
You advise that regular meetings of the Gulf Breeze City Council occur on the first and third Mondays of each month. An executive session of the City Council, at which time matters to be considered during the council's regular meetings are discussed, but no final or official action is taken, are held on the Wednesday preceding each regular meeting. In addition, there are occasional special meetings of the Gulf Breeze City Council as well as workshop meetings at which members of the City Council are expected to attend. Moreover, certain members of the City Council are ex officio members of standing boards or committees established by ordinance. The membership on those boards or committees will generally rotate among council members. Council members receive only nominal compensation for their service on the Gulf Breeze City Council and are reimbursed for certain expenses incurred in connection with the performance of their duties.
Section 790.25, Florida Statutes, describes the lawful ownership, possession, and use of firearms and other weapons. The Legislature has stated its intent for adopting these provisions:
"The Legislature finds as a matter of public policy and fact that it is necessary to promote firearms safety and to curb and prevent the use of firearms and other weapons in crime and by incompetent persons without prohibiting the lawful use in defense of life, home, and property, and the use by United States or state military organizations, and as otherwise now authorized by law, including the right to use and own firearms for target practice and marksmanship on target practice ranges or other lawful places, and lawful hunting and other lawful purposes."[1]
In recognition of this policy, the Legislature has set forth a number of lawful uses of firearms and other weapons, ammunition, and supplies in subsection (3) of the statute. The statute provides that sections 790.053
(making it unlawful to openly carry a firearm) and 790.06 (making it illegal to carry a concealed weapon or firearm without a license) do not apply in the enumerated instances and that it is lawful for the specified persons to own, possess, and use firearms for lawful purposes including the general authorization to possess firearms at home or at work.[2]
However, despite the general language elsewhere in the statutes, section 790.06(12), Florida Statutes, provides that "[n]o license issued pursuant to this section shall authorize any person to carry a concealed weapon or firearm into . . . any meeting of the governing body of a county, public school district, municipality, or special district[.]" Thus, while the Gulf Breeze City Council member may be licensed to carry a concealed weapon, this license is irrelevant to the issue of whether a city council member may carry his or her weapon into a city council meeting as the absolute prohibition expressed in section 790.06(12), Florida Statutes, would overcome any more general authorization expressed elsewhere in Chapter 790, Florida Statutes.[3]
Thus, it is my opinion that section 790.06(12), Florida Statutes, prohibits a member of a municipal city council from carrying a concealed weapon or firearm during a city council meeting.
Sincerely,
Bill McCollum Attorney General
BM/tgh
[1] See s. 790.25(1), Fla. Stat., setting forth the "Declaration of Policy."
[2] Section 790.25(3)(n), Fla. Stat.
[3] Whether construing statutes or administrative rules, the specific controls over the general. See Pioneer Oil Company v. State, Departmentof Revenue, 381 So. 2d 268 (Fla. 1st DCA 1980), approved, 401 So. 2d 1319
(Fla. 1981); Louisville and Nashville Railroad Company v. Speed-Parker,137 So. 724 (Fla. 1931).